UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HERBERT GREGORY WILKINS,

    Petitioner,

  v.                                                  Case No. 10-C-600

BYRAN BARTOW,

    Respondent.

## ORDER

On July 16, 2010, Herbert Gregory Wilkins filed this petition pursuant to 28 U.S.C. § 2254, asserting that his detention at the Wisconsin Resource Center violates the Constitution. Wilkins is being held at the Wisconsin Resource Center as a result of an ongoing state court proceeding under Wisconsin's civil commitment law for sexually violent persons. Wilkins was convicted in Brown County Circuit Court of third-degree sexual assault and was sentenced to seven years imprisonment on July 16, 2001. On August 18, 2006, the state filed a petition in Brown County Circuit Court seeking to detain Wilkins as a sexually violent person under Wisconsin Statute Chapter 980. On August 21, 2006, the state filed an amended petition, and probable cause to detain Wilkins was found at a hearing on August 30, 2006. According to the Wisconsin Circuit Court Access Program, the Chapter 980 civil commitment proceedings are still pending before the Brown County Circuit Court. *See State of Wisconsin v. Wilkins*, Brown County Circuit Court Case No. 2006CI01.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases.

Wilkins claims he was sentenced to seven years confinement on July 16, 2001, after pleading no contest to third-degree sexual assault contrary to Wis. Stat. § 940.225(3). At the time, third-degree sexual assault did not qualify as a sexually violent offense under Chapter 980 of the Wisconsin Statutes. Effective August 1, 2006, however, the law was amended by 2005 Act 434 to add third-degree sexual assault to the list of predicate offenses for a Chapter 980 commitment, *see* Wis. Stat. § 980.01(6)(a), and Wilkins was the subject of a Chapter 980 petition filed on August 18, 2006, and of an amended petition filed on August 21, 2006. Wilkins asserts that these petitions were illegal because his conviction was not for a sexually violent offense at the time he was convicted and sentenced. His petition raises six related grounds: (1) his unlawful custody should be addressed by a writ of habeas corpus; (2) an *ex post facto* law was illegally applied to him; (3) 2005 Wis. Act 434 was improperly applied retroactively; (4) the legislature violated the separation of powers doctrine by changing the law after the executive branch made a plea agreement with him and after the judicial branch sentenced him; (5) the legal change after his plea agreement violated due process; and (6) proper statutory interpretation supports a finding that he was not convicted of a sexually violent offense.

Wilkins's state court civil commitment proceeding remains open. While probable cause has been found, and the state courts have rejected his motions to dismiss the Chapter 980 petition as unconstitutional, he has not yet been ordered civilly committed. Therefore, federal court habeas review is inappropriate in this case under the abstention doctrine announced by *Younger v. Harris*, 401 U.S. 37, 45 (1971), which calls for federal courts' noninvolvement with ongoing state proceedings. In a similar habeas case, also involving a claim that the *ex post facto* clause was violated by basing a civil detention on a third-degree assault conviction that predated the expansion in qualifying offenses for Chapter 980, the Court of Appeals for the Seventh Circuit recently affirmed the district court's dismissal of the petition pursuant to Rule 4. *Sweeney v. Bartow*, ___ F.3d ___, 2010 WL 2680311 (7th Cir. July 8, 2010). Noting that "[a]lthough the petitioner's attempt to get the state courts to drop the proceeding to commit him civilly as a sexually violent person failed, he has not yet been ordered civilly committed," the Seventh Circuit agreed that "[c]ivil commitment proceedings . . . are just as worthy of protection against being enjoined by federal judges and the other types of noncriminal proceedings to which *Younger* has been applied." *Id.* at *1.

**THEREFORE, IT IS ORDERED** that this petition is summarily dismissed without prejudice, pursuant to Rule 4 of the Rules Governing § 2254 Cases.

**FURTHER, IT IS ORDERED** that petitioner's request for leave to proceed *in forma pauperis* is denied as moot.

Dated this ___29th___ day of July, 2010.

                                                s/ William C. Griesbach
                                                William C. Griesbach
                                                United States District Judge